# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDWARD W. SPARROW HOSPITAL ASSOCIATION d/b/a SPARROW HOSPITAL, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 08-1021 (RMC) |
| KATHLEEN SEBELIUS, Secretary, Department of Health and Human Services,[1] | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

Plaintiff Edward W. Sparrow Hospital Association ("Sparrow") filed this case against the Department of Health and Human Services ("HHS") alleging that HHS improperly denied its claim for Medicare payments in connection with its approved residency training program. The Secretary moves to remand this matter to the agency for reconsideration in light of the recent judgment by the D.C. Circuit in *Loma Linda Univ. Med. Ctr. v. Sebelius*, No. 10-5116, 408 Fed. Appx. 383, 2010 WL 4903887 (D.C. Cir. Dec. 2, 2010), a decision that addressed issues similar to those in this case. Sparrow contends that remand as the Secretary requests is unnecessary, will unduly delay resolution of the case, and that the D.C. Circuit's resolution of *Loma Linda* is dispositive of Sparrow's claim of insufficient notice of the claims filing deadline. Instead, Sparrow

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Kathleen Sebelius is substituted for her predecessor, Michael O. Leavitt, Secretary of Health and Human Services.

seeks remand to enable it to submit claims for payment to the Secretary and for payment of such claims or, in the alternative, for summary judgment proceedings related to the issue of actual notice. As explained below, the Court will grant the Secretary's motion for remand.

## I. FACTS

### A. Statutory and Regulatory Background

The Secretary, through the Centers for Medicare and Medicaid Services ("CMS"), administers the Medicare Statute, 42 U.S.C. § 1395 *et seq.*, a federal insurance program for the aged and disabled. CMS contracts with private entities to act as "fiscal intermediaries" to process hospital claims. *See* 42 U.S.C. § 1395h. This case deals with Medicare Part A, which provides insurance for services such as hospital care, and Medicare Part C, which provides benefits through health maintenance organizations ("HMOs"). *See id*. § 1395c, 1395d (Part A); *id*. § 1395w-21 *et seq*. (Part C, also known as "Medicare+Choice"). Medicare reimburses hospitals for both the direct and indirect costs of graduate medical education. *See id*. §§ 1395ww(h), 1395ww(d)(5)(B). Prior to 1997, hospitals were reimbursed only for these costs under Medicare Part A; then, in 1997, Congress passed the Balanced Budget Act of 1997, providing for reimbursement under Part C as well. *See id*. §§ 1395ww(d)(11), (h)(3)(D).

CMS issued a Final Rule on May 12, 1998, regarding how Part A and Part C payments for medical education would work. The Preamble to the Rule stated:

> We anticipate teaching hospitals will need to submit claims associated with Medicare+Choice discharges to the fiscal intermediaries for purposes of receiving indirect and direct medical education payments. When the claims are processed, the fiscal intermediaries will make the IME payment associated with a Medicare+Choice discharge directly to the teaching hospital.

63 Fed. Reg. 26,318, 26342 (May 12, 1998). On July 1, 1998, CMS issued Program Memorandum A-98-21 to its fiscal intermediaries explaining that each hospital must submit a claim to its intermediary in "UB-92 format, with condition codes 04 and 09." The intermediaries sent out Bulletins to their providers regarding the filing requirements.

At the end of every fiscal year, each hospital provider submits a cost report to its fiscal intermediary showing its costs and the portion allocated to Medicare. *See* 42 C.F.R. § 424.20. The intermediary reviews the report, determines the amount of Medicare reimbursement owed, and issues a Notice of Program Reimbursement. *Id*. § 405.1803. Within 180 days, a provider may appeal the intermediary's determination of total reimbursement, as set forth in the Notice, by filing an appeal with the Provider Reimbursement Review Board. 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835. The decision of the Board is final unless the CMS Administrator — on his own motion and within 60 days — reverses, affirms, or modifies the Board's decision. 42 U.S.C. § 1395oo(f). The Administrator's decision constitutes final agency action subject to judicial review. *Id*.

Sparrow's fiscal intermediary denied reimbursement for medical education expenses related to certain Medicare beneficiaries enrolled in HMOs for fiscal years 1998 and 1999 because the claims were not timely filed in UB-92 format. Sparrow appealed to the Provider Reimbursement Board arguing, among other points, that it was not on notice of the filing requirements. The Board found in favor of Sparrow, but, on April 14, 2008, the CMS Administrator reversed. That decision was final agency action. Claiming that the agency's decision was arbitrary and capricious, on June 13, 2008, Sparrow brought this suit seeking reversal.

### B. Posture of this Case

On February 5, 2009, the Court granted Sparrow's motion to stay, pending decisions

in two similar cases previously filed in this District: *Cottage Health Sys. v. Leavitt*, No. 08-cv-98-JDB (D.D.C.) and *Bayfront Medical Ctr. v. Leavitt*, No. 08-cv-249-PLF (D.D.C.). Two more similar cases were filed after this case: *Loma Linda Univ. Medical Ctr. v. Leavitt*, No. 08-cv-1520-HKK (D.D.C.) and *Hosp. of Univ. of Pennsylvania v. Leavitt*, No. 08-cv-1665-JRB (D.D.C.). When ordering the stay in this case, the Court explained:

> A district court has broad discretion to stay a proceeding pending the resolution of proceedings in other courts where the other proceedings may affect the scope and necessity of the litigation. *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Am.*, 402 F. Supp. 2d 289, 292-93 (D.D.C. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). The resolution of *Cottage Health* and *Bayfront* may affect the scope and necessity of this litigation. The cases are substantially similar — the complaints in all three cases allege that the Medicare payments at issue are for direct graduate medical education costs and indirect medical education costs, and that in administrative proceedings before the agency the Secretary denied these payments with respect to Medicare beneficiaries who were enrolled in certain Medicare managed care plans (HMOs).

Order [Dkt. # 19] at 2. On June 1, 2011, the district court in *Cottage Health* remanded the case to the Secretary for proceedings that take into account the D.C. Circuit's decision in *Loma Linda,* 2010 WL 4903887. *See* Def.'s Notice of Supplemental Authority [Dkt. #30], Att. 1 (June 1, 2011 Order in *Cottage Health*). The Secretary asks for a similar remand so that it can reconsider Sparrow's claim for payment in light of *Loma Linda*.

In *Loma Linda,* the district court granted summary judgment in favor of the plaintiff, a teaching hospital which sought review of the Secretary's decision to deny payments for graduate medical education costs associated with providing services to Medicare beneficiaries who were

members of health maintenance organizations. *Loma Linda Univ. Med. Ctr. v. Sebelius*, 684 F. Supp. 2d 42 (D.D.C. 2010). One of the reasons that the Secretary denied payment was that the claim for payment was not timely. The Secretary's position was that the hospital should have inferred that the regulation governing deadlines for Medicare Part A claims also applied to bills for Medicare Part C services. The district court held that the Secretary's decision was arbitrary and capricious and reversed the Secretary's determination that the claims were untimely. *Id*. at 55-56. The court found that the May 12, 1998 Rule, Program Memorandum A-98-21, and the Bulletin sent by the intermediary regarding the filing requirements did not provide adequate notice of a filing deadline. *Id*. at 54-55. Further, the court did not find that Loma Linda University Medical Center had actual notice of the deadline — "[N]either the Administrator's decision nor the Secretary's filings to this Court identify any evidence in the record that Loma Linda was aware of the deadline for filing." *Id*. at 55. The D.C. Circuit affirmed, noting that the hospital did not receive notice of the billing deadline "with ascertainable certainty." *Loma Linda*, 2010 WL 4903887 at *1.

Sparrow moves to remand for the purpose of enabling it to file claims and for claim processing and payment, or for summary judgment proceedings on the issue of actual notice. The Secretary contends that remand such as that granted in *Cottage Health* is appropriate, *i.e.*, remand for reconsideration in light of *Loma Linda*.

## II. ANALYSIS

An agency's motion to remand for reconsideration of its own decision is usually granted. "We commonly grant such motions (for remand), preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C.

Cir. 1993). Sparrow seeks review of the Secretary's decision dated April 14, 2008; *Loma Linda* was affirmed on December 2, 2010. It is undisputed that the Secretary did not have the opportunity to consider the Circuit's ruling at the time it denied Sparrow's claims in this case. *See Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) ("[W]here an intervening event may affect the validity of the agency action at issue, a remand is generally required."). The Secretary should have the first opportunity to consider and, if necessary, revisit her decision here in light of *Loma Linda*.

Further, where an agency has not considered all of the relevant factors, "the proper course . . . is to remand to the agency for additional investigation or explanation." *Fl. Power & Light Co. v. Lorian*, 470 U.S. 729, 744 (1985). While the Secretary touched on the issue of whether Sparrow had actual notice of the filing deadline,[2] the issue was addressed without the benefit of the *Loma Linda* ruling. Thus, the record is not fully developed regarding the notice issue.

Sparrow contends that *Loma Linda* is "dispositive" of this case. But Sparrow overreads *Loma Linda*. In that case, the D.C. Circuit considered whether the Loma Linda University Medical Center had actual notice of the claims filing deadline; thus, the decision was necessarily limited to the facts and circumstances presented there. The Secretary here is entitled to determine, in the first instance, whether Sparrow had actual notice of the claims filing deadline or not; such a determination must be informed by *Loma Linda*. The Court will therefore remand to the Secretary for further factual development and reconsideration.

### III. CONCLUSION

---

[2] *See* Def.'s Resp. [Dkt. # 28] at 16 (Sparrow filed claims on the UB-92 form for the years at issue, but has not given any explanation of why it submitted such forms if it did not have notice of the filing requirement); *id*. (a fiscal intermediary for Sparrow testified that Sparrow's accounting employee indicated that Sparrow was aware of the filing requirement in 1998 but "decided not to bill" due to other priorities).

For the reasons set forth above, Sparrow's motion for remand for claims processing or for summary judgment proceedings [Dkt. # 25] will be denied and the Secretary's motion for remand for reconsideration in light of *Loma Linda* will be granted. This case will be stayed pending the Secretary's decision. A memorializing Order accompanies this Memorandum Opinion.


Date: July 12, 2011                          /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge